In the Matter of JAMES ANTHONY & CO., INC., Debtor.

Appeal of WEIL GOTSHAL & MANGES, ESQS.

No. 379, Docket 75–7232.

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1976.

Decided Feb. 20, 1976.

Alan B. Miller, New York City (Harvey R. Miller, William R. Rochell, III, Weil Gotshal & Manges, New York City, of counsel), for appellant.

Before MOORE, OAKES and MESKILL, Circuit Judges.

PER CURIAM:

The law firm, Weil, Gotshal & Manges (Weil Gotshal) appeals from an order of the District Court which approved an amended certificate of the Bankruptcy Judge (the Judge) recommending interim and final allowances of compensation for professional services rendered to the estate of the bankrupt, James Anthony & Co. Inc.

The Judge found that the services rendered were "of extremely high quality" and beneficial to the estate, findings which we do not question. The sole question on this appeal is the amount of compensation—the nature of the services is not in issue.

Many law firms and counsel were involved in handling various phases of the bankrupt estate. The total compensation originally sought was some $430,000.

In an original certificate the Judge recommended payment to appellant of $11,-042.50 (amount requested $11,000). After the District Court had reviewed the original applications and the Judge's report, it requested the Judge "to review the application with a view to ascertaining duplication of effort, if any, and the scale of fees as of the date the services were rendered, not as of the date of the application." The Judge complied with this request which resulted after hearings in an amended certificate wherein there was a general reduction from the $335,000 allowed in the original certificate to some $250,000. In this reduction appellant suffered a decrease from $11,-042.50 to $6,000. The District Court after

reviewing "the applications and the transcript of the second hearing before the bankruptcy judge and his amended certificate" approved the recommended allowances.

The Judge and the District Court were obviously in a superior position to appraise and evaluate the services and the compensation to be awarded for the services rendered.

Appellant stresses that of the amount originally allowed, the amended amount constitutes a 45% reduction but the Judge was neither required to, nor directed to, determine a uniform reduction percentage. Many attorneys and others contributed to placing some million dollars in the bankrupt estate.

We find no such gross inequity in the results reached by the Judge and the District Court as to call for any change by an appellate court.

Affirmed.